CHEN, M.J
REYES, M.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x

WILNER RESERVE

        Plaintiff,

    -against-

THE CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOES 1-2"
(whose names and shield #s are unknown),

        Defendants.
-------------------------------------------------x

**Index No.**

**COMPLAINT**

**JURY DEMAND**

CV 13- 3765

Plaintiff, by his attorney, Philip Akakwam, Esq., complaining of the defendants, The City

of New York and Police Officers "John Does 1-2", upon information and belief alleges as

follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the

First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by

Title 42 U.S.C. § 1983 [and § 1985].

2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and

detention of Plaintiff of plaintiff, and otherwise, for the violation of Plaintiff's federally

guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and

necessary in order to serve the interests of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the First, Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of his rights.

## PARTIES

8. Plaintiff, a black male of full age, is a resident of the City of New York, County of Kings and State of New York.

9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the police officers sued as "John Does 1-2" through its Police Department - New York City Police Department- and the actions of the police

2

officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York. Defendant City of New York was responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including the named defendants herein.

10.  At all times herein, Police Officers "John Does 1-2" were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

## **ADMINISTRATIVE PROCEDURES**

11.  All conditions precedent to filing of this action have been complied with; notice of plaintiff's claim and his intention to sue thereon, and of the time when and the place where his injuries were sustained, was duly served and filed with the defendant City of New York on or about August 29, 2012, within ninety days after the claim alleged in this complaint arose.

12.  At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

13.  This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

3

## FACTS COMMON TO ALL CAUSES OF ACTION

14. On or about July 29, 2012, at approximately 12:01 a.m., Police Officers "John Does 1-2" of the NYPD, acting in concert and without probable cause, assaulted and arrested plaintiff on Church Avenue, between 34th and New York Avenue, Brooklyn, Kings County, New York, New York, and charged plaintiff with violation of Section 19-507 of New York City Administrative Code

15. At the aforementioned time and place, plaintiff was driving a 1999 Crown Victoria car on Church Avenue when he was stopped by two police officers who were standing by the sidewalk. Plaintiff had two passengers in his car.

16. After plaintiff stopped at the direction of the officers, one of the officers asked him for his driver's license, registration and insurance papers. Plaintiff gave the officer the documents he had requested.

17. Upon receiving the papers from plaintiff, the officer told plaintiff that he was going to arrest him because there was an outstanding warrant for his arrest for allegedly abandoning a vehicle on the street.

18. Plaintiff advised the officer that he had never abandoned any vehicle on the street and that there could not be an outstanding warrant against him for such.

19. Notwithstanding plaintiff's explanation, the officer proceeded with the arrest of plaintiff.

20. Plaintiff was cuffed and searched on the street and thereafter transported in a police van to the 67th police precinct where he was fingerprinted, photographed and thrown into police cell.

4

21. Plaintiff was later transported to Central Booking where he was detained in a cell until about 3.00 pm when he was charged to court on the false allegation that he had violated Section 19-507 of New York City Administrative Code.

22. Upon claimant's appearance in court, the case was adjourned in contemplation of dismissal. Plaintiff spent over 17 hours in detention as a result of the unlawful arrest.

23. Before and at the time plaintiff was unlawfully arrested, seized, and searched by the police, he had not been engaging in any suspicious or unlawful conduct. Therefore, his arrest without a warrant was completely unjustified, in that it was made without reasonable suspicion or probable cause.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

26. The actions taken against plaintiff by the defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes a racial profiling of motorists and which causes officers to arrest individuals, particularly blacks, without probable cause, and to subject such individuals to false criminal charges, and other kinds of charges and to

5

assault and battery. The said policy and practice falls disproportionately on persons of color.

27.  These policies and practices violate the rights of the Plaintiff under federal law including the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

28.  The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

29.  The actions and conduct of the Officers and the policies and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

30.  The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

31.  At all times material hereto, each defendant acted intentionally, willfully and/or with reckless indifference for the rights of the plaintiff. Each defendant knew or should have known that the arrest and detention of the plaintiff violated clearly established constitutional law.

32.  As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, and suffered and continues to suffer physical injuries to his wrists and significant emotional pain, distress, mental anguish, humiliation and embarrassment.

33.  The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

34.  The Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION

35. Plaintiff reiterates paragraphs 1 through 34 and incorporates such by reference herein.

36. Defendant Police Officers "John Does 1-2" violated Plaintiff's right to be free from false arrest and false imprisonment guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution, and Plaintiff's right not to be denied his liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments to the Constitution. By violating plaintiff's constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

37. As a result of plaintiff's false arrest and imprisonment, plaintiff has been caused to suffer humiliation, bodily pain, mental anguish, embarrassment, apprehension and fear for his life, loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, medical expenses and has been otherwise damaged.

## AND AS FOR A SECOND CAUSE OF ACTION

38. Plaintiff reiterates paragraphs 1 through 37 and incorporates such by reference herein.

39. Defendant Police Officers falsely arrested and imprisoned plaintiff in violation of the Common Law.

40. The false arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

41. Defendant Police Officers acted with malice and reckless and intentional disregard for Plaintiff's rights under common law when they arrested and imprisoned Plaintiff without any justification. Therefore, said Defendant Police Officers are guilty of egregious and gross misconduct towards plaintiff, and plaintiff prays for an award of punitive damages against the

7

individual defendants.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

43. Plaintiff reiterates paragraphs 1 through 42 and incorporates such by reference herein.

44. The conduct of defendant officers, as described herein, amounted to assault and battery on the plaintiff. The assault and battery was willful, unlawful, unwarranted, and intentional.

45. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

46. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

47. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

## AND AS FOR A FOURTH CAUSE OF ACTION

48. Plaintiff reiterates paragraphs 1 through 47 and incorporates such by reference herein.

49. By arresting, detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, and assaulting him, the Defendant Officers, deprived plaintiff of

8

Case 1:13-cv-03765-PKC-RER   Document 1   Filed 07/03/13   Page 9 of 16 PageID #: 9

rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1,
Section 12 of the New York State Constitution.

50. In addition, the defendant officers conspired among themselves to deprive plaintiff of
his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and
took numerous overt steps in furtherance of such conspiracy, as set forth above.

51. The Defendant Officers acted under pretense and color of state law and in their
individual and official capacities and within the scope of their respective employment as NYPD
Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without
authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly,
and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article
1, Section 12 of the New York State Constitution.

52. Defendants, their officers, attorneys, agents, servants and employees were
responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer
of each of the defendant officers, is responsible for their wrongdoing under the common law
doctrine of *respondeat superior.*

53. As a direct and proximate result of the misconduct and abuse of authority detailed
above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A FIFTH CAUSE OF ACTION

54. Plaintiff reiterates paragraphs 1 through 53 and incorporates such by reference herein.

55. Defendants Police Officers were acting as agents of Defendant City of New York
(through its Police Department) when they arrested, assaulted and imprisoned the Plaintiff.

56. Therefore, pursuant to and under the pendent party jurisdiction and independent of

any direct liability, the Defendant City of New York is responsible, under state law and pendent party and pendent claim jurisdiction, for the wrongful conduct of the Defendant Police Officers under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR AN SIXTH CAUSE OF ACTION

58. Plaintiff reiterates paragraphs 1 through 57 and incorporates such by reference herein.

59. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

60. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to the plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in like situation would probable result from this conduct.

61. The defendant City of New York knew or should have known through the exercise of reasonable diligence that the defendant officers were not prudent and were potentially dangerous.

62. As a direct and proximate result of the negligence of the defendant City of New York in hiring and retaining the defendant officers, plaintiff sustained the damage hereinbefore stated.

## AND AS FOR AN SEVENTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

63. Plaintiff reiterates paragraphs 1 through 62 and incorporates such by reference herein.

64. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly, foreseeably and proximately caused by conduct, chargeable to defendant

10

City of New York, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

65. Defendant City of New York failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

(a) The determination of probable cause to make an arrest;

(b) The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c) The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d) The scope of authority to search provided by a search warrant;

(e) Interviewing of witnesses and informants, assessment of the credibility of witnesses and informants;

(f) The very limited circumstances under which a warrantless search may be carried out.

66. Additionally, defendant City of New York, acting through the Office of the District Attorney of the County of New York, had actual and/or de facto policies, practices, customs and usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and the duty and/or obligation of candor towards the court.

11

67.  Defendant City of New York maintained unwritten customs and practices which permitted or condoned the unlawful searches of persons, the unlawful seizure of persons, a quota-driven racial profiling of black motorists, subjecting citizens to disparately harsh law enforcement practices on account of their race. These customs and practices are demonstrated by the failure of said defendants to properly investigate numerous complaints from citizens alleging such police misconduct and by their failure to take adequate remedial action where misconduct has occurred.

68.  The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant City of New York, including but not limited to, the New York City Police Commissioner and the District Attorney, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

69.  The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

70.  The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the

12

constitutional rights of criminal suspects or defendants and cause them constitutional injury.

71. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (**Weinstein**, J.). *See also* the following cases filed in this district: *Geneeza Walls v. City of New York*, 10 CV 5769; *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* 10 CV 1060); *John McLean v. City of New York (*10 CV 631). Thus, the aforementioned policymaking officials had the knowledge and the notice alleged in the preceding paragraphs based upon these repeated occurrences credibly alleging that police officers had conducted searches or arrests without probable cause.

72. Said notice is also based upon the inherent obviousness of the need to train, supervise and discipline police officers in their aforementioned constitutional obligations to counteract the pressures on officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

73. During all times material to this Complaint, the Defendant City and its policy making officials owed a duty to the plaintiff and the public at large, which they knowingly and intentionally breached, or to which they were deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct of their employees violating the aforementioned constitutional rights of innocent members of the

13

public including plaintiff.

74. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

75. As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

76. The defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that said policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

77. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City and its police department, the NYPD, were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual police defendants of plaintiff's rights under the Constitution and laws of the United States.

78. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

### AND AS FOR A EIGHT CAUSE OF ACTION - 42 U.S.C. § 1985

79. Plaintiff reiterates paragraphs 1 through 78 and incorporates such by reference herein.

14

80. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

81. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

### AND AS FOR A NINTH CAUSE OF ACTION - NEGLIGENCE

83. Plaintiff reiterates paragraphs 1 through 82 and incorporates such by reference herein.

84. The defendants acted negligently and/or with reckless indifference in their arrest and detention of plaintiff.

85. As a proximate cause of the negligence of the defendants, plaintiff suffered the damages alleged herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i.     For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii.    For punitive damages against the individual defendants in an amount to be determined at trial;

iii.   For reasonable attorneys' fees, together with costs and disbursements of this

15

action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.     For pre-judgment interest as allowed by law; and

v.      For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       July 2, 2013

                                LAW OFFICE OF PHILIP AKAKWAM, P.C.

                        By:     _____
                                Philip Akakwam, Esq. (PA-8294)
                                Attorneys for the Plaintiff
                                303 Livingston St., 2nd Floor
                                Brooklyn, N.Y. 11217
                                (718) 858-2488

16